[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 23, 2009
THOMAS K. KAHN
CLERK

No. 09-11290
Non-Argument Calendar

_____

D. C. Docket No. 07-01071-CV-5-CLS

JIANN MIN CHANG,

Plaintiff-Appellant,

versus

ALABAMA AGRICULTURAL AND MECHANICAL UNIVERSITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 23, 2009)

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Jiann Min Chang, through counsel, appeals the district court's grant of summary judgment in favor of his employer, Alabama Agricultural and Mechanical University ("AAMU"), in an employment-discrimination action under

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 1981; and 42 U.S.C. § 1983.[1] On appeal, Chang argues that: (1) the district court erred in finding that he was not replaced by a person outside his protected class, and, therefore, that he failed to establish a prima facie case of discriminatory termination; and (2) he introduced sufficient evidence to show that AAMU's proffered legitimate, non-discriminatory reason for terminating him was a pretext for discrimination. After careful review, we affirm.

We "review the grant of summary judgment de novo viewing the facts and drawing all reasonable inferences in favor of the nonmoving party." Rowell v. BellSouth Corp., 433 F.3d 794, 798 (11th Cir. 2005). "Summary judgment is appropriate when there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006) (quotation omitted). "A fact is material only when the dispute over it has the potential to change the outcome of the lawsuit under the governing law if found favorably to the nonmovant." Zaben v. Air Prods. & Chems, Inc., 129 F.3d 1453, 1455 (11th Cir. 1997).

---

[1] Chang is only appealing the grant of summary judgment in regard to his Title VII claim of discriminatory termination. Therefore, Chang has abandoned his §§ 1981 and 1983 claims and the Title VII claims involving unequal conditions of employment and failure to receive tenure. See Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that issues not argued on appeal are deemed abandoned and waived).

Where, as here, a plaintiff offers circumstantial evidence to prove a claim of discrimination, we evaluate the claim by using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Under this approach, the plaintiff must first establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802.

Title VII makes it unlawful for an employer to discharge an individual because of that individual's race or national origin. See 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish a prima facie case of discriminatory termination under Title VII by showing that he (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside his protected class "or was treated less favorably than a similarly-situated individual outside his protected class." Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ., 342 F.3d 1281, 1289 (11th Cir. 2003). It is undisputed that Chang satisfied the first three elements of a prima facie case. Thus, the dispositive issue is whether Chang was replaced by someone outside his protected class or whether a similarly-situated employee outside his class was treated more favorably.

3

Federal regulations provide that:

> Where designation of persons by race, color or national origin is required, the following designations shall be used . . . (3) Asian or Pacific Islander. A person having origins in any of the original peoples of the Far East, Southeast Asia, the Indian Subcontinent, or the Pacific Islands. This area includes, for example, China, Japan, Korea, the Philippine Islands, and Samoa.

28 C.F.R. § 42.402(e)(3). Nevertheless, the term national origin specifically refers to the country where a person was born, or to the country from which his ancestors came. Espinoza v. Farah Mfg. Co., 414 U.S. 86, 88 (1973). Furthermore, we have recognized that a subset of the Asian race can be categorized as a protected class based on country of origin. See Donaire v. NME Hosp., Inc., 27 F.3d 507, 509 (11th Cir. 1994) (holding that Filipinos can be a protected class based on ancestry).

Only after the plaintiff makes this prima facie case of discrimination does the burden shift to the defendant to rebut the presumption of discrimination by producing legitimate reasons for the adverse employment action. McDonnell Douglas, 411 U.S. at 802. If the employer articulates a legitimate, non-discriminatory reason for an adverse employment action, then the burden shifts back to the plaintiff to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253. A plaintiff can meet this burden "either directly by persuading the court that a discriminatory reason more

4

likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. at 256. A plaintiff's evidence of pretext "must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005) (quotation omitted). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030; see Rojas v. Florida, 285 F.3d 1339, 1342 911th Cir. 2004) (holding that the factual issue is not whether a plaintiff is a good employee or the accuracy of the employer's conclusion that the plaintiff was an unsatisfactory employee, but whether the conclusion is an honest one).

On this record, the district court did not err in granting AAMU's motion for summary judgment. As an initial matter, we agree that the district court erred in finding that Chang failed to establish a prima facie case of discriminatory termination. Indeed, Chang was replaced by someone with a different national origin, and thus, contrary to the district court's conclusion, was replaced by

5

someone outside his protected class. See Donaire, 27 F.3d at 509 (holding that Filipinos, also classified as Asian, can be a distinct protected class).

Nevertheless, even though Chang established a prima facie case, we still conclude that the district court did not err in granting summary judgment because AAMU gave a legitimate, non-retaliatory reason for its actions, namely, Chang's insubordination. First, contrary to Chang's argument, the evidence, taken in the light most favorable to Chang, supports AAMU's proffered legitimate, non-discriminatory reason for terminating Chang. Shirley Houzer, the Vice President for Academic Affairs, and Chang testified that Houzer contacted Chang after a student complained that Chang refused to permit her to take an exam after providing a medical excuse. Chang testified that, during the conversation, he: (1) became upset because Houzer was instructing him on how to respond to one of his own students; (2) raised his voice at Houzer; and (3) refused to comply with her demand. Chang further admitted that Houzer may not have liked the way he talked to her. Additionally, Houzer documented the confrontation in a letter to Chang, in which she stated that Chang yelled at her in a "very rude manner" and "defiantly" refused to comply with her demand. Lastly, Houzer repeatedly testified that her decision not to renew Chang's contract was based on the disrespect and insubordination demonstrated during the resolution of the student's complaint.

Moreover, the circumstances that led to the interaction between Chang and Houzer are irrelevant to the issue of pretext because they have no bearing on whether Chang behaved unprofessionally and disrespectfully during the conversation with Houzer, which was the proffered reason for his termination. Therefore, Chang's arguments regarding the legitimacy of the student's excuse, the procedure for filing a complaint, the appropriateness of Houzer's intervention, and his eventual compliance with Houzer's demand, are meritless. Although Chang testified that Houzer's decision was pretextual because it was unreasonable, this testimony merely attacks the wisdom of the decision, and does not provide evidence that discriminatory animus motivated the employment decision. See Rojas, 385 F.3d at 1342 (holding that the factual issue is not whether the plaintiff was a good employee). Thus, Chang has neither shown that AAMU's proffered reason is unworthy of credence or provided evidence that a discriminatory reason motivated AAMU, and in turn, his discrimination termination claim fails because he has not shown that AAMU's proffered reason for its employment action was a pretext. Accordingly, we affirm the district court's grant of summary judgment in favor of AAMU.

**AFFIRMED.**